IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

TRUSTEES OF THE PLUMBERS )
AND PIPEFITTERS NATIONAL PENSION )
FUND, et al., )
 )
       Plaintiffs, )
 )
       v. )   Case No. 1:10-cv-979
 )
P & G MECHANICAL, INC. )
 )
       Defendant. )

## MEMORANDUM ORDER

THIS MATTER is before the Court on the December 22, 2010 Report and Recommendation of Magistrate Judge John F. Anderson, regarding Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund, et al.'s Motion for Default Judgment against Defendant P & G Mechanical, Inc. ("P & G Mechanical"). (Dkt. No. 7.) This case concerns employer Defendant P & G Mechanical's alleged breach of the Collective Bargaining Agreement with the United Association Local Union No. 803 by failing to make proper contributions to the National Pension Fund and the International Training Fund on behalf of its employees for work performed at Defendant's request.

Plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund, are trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974

1

("ERISA"), 29 U.S.C. §§ 1002(3) and (37), that are administered in Alexandria, Virginia. Defendant P & G Mechanical is a Florida corporation, which, at all times herein, was an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1) and (3); 29 U.S.C. § 152(2); and 29 U.S.C. § 1001(a).

Defendant is a signatory of the Collective Bargaining Agreement with United Association Local Union No. 803. The Collective Bargaining Agreement establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by P & G Mechanical. Under the Collective Bargaining Agreement, P & G Mechanical agreed to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of P & G Mechanical that were covered by the Collective Bargaining Agreement. Plaintiffs claim that Defendant P & G Mechanical failed to make required contributions for the time period of November 2009 through January 2010.

On August 26, 2010, Plaintiffs filed their Complaint in this action. (Dkt. No. 1.) In Count I of the Complaint, the Trustees of the Plumbers and Pipefitters National Pension Fund claim that P & G Mechanical failed to pay $3,638.10 in contributions for the time period of November 2009 through January 2010. In addition, they claim that, for failing to pay the required contributions under the Collective Bargaining Agreement, P & G Mechanical is considered

2

delinquent and may be assessed liquidated damages in the amount of 10% of the amount due. Further, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment to the National Pension Fund.

In Count II of the Complaint, Trustees of the International Training Fund claim that P & G Mechanical failed to make contributions in the amount of $120.70 for the time period November 2009 through January 2010. In addition, they claim that, they may exercise their discretion to add to the amount owed by the employer liquidated damages in the amount of 20% of the amount due for each monthly report or payment past due. Finally, interest is assessed at a rate of 12% per annum from the due date through the date of payment.[1]

On September 29, 2010, a process server served the Summons, Complaint, and supporting documents on the registered agent and president of Defendant P & G Mechanical.

Defendant has not responded to the Complaint. Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to plead or defend against a claim. Fed. R. Civ. P. 55. On November 23, 2010, Plaintiffs filed a Request for Entry of Default with the Clerk's Office. (Dkt. No. 5.) The Clerk entered default on November 24, 2010. (Dkt. No. 6.)

---

[1] In their Motion for Default Judgment, Plaintiffs did not pursue Count III, their request for injunctive relief, so the Court does not need to address Count III.

3

On December 2, 2010, Plaintiffs filed a Motion for Default Judgment. (Dkt. No. 7.) A hearing on Plaintiffs' Motion for Default Judgment was held on November 17, 2010. (Dkt. No. 10.) Defendant failed to appear at the hearing.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. Fed. R. Civ. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order. *Id*. The district judge to whom a case is assigned should make a *de novo* determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id*.

In his Report and Recommendation, Magistrate Judge Anderson makes the following proposed findings. Magistrate Judge Anderson finds that Plaintiffs have established that P & G Mechanical failed to make contributions to the National Pension Fund for the months of November 2009 through January 2010. Accordingly, Plaintiffs Trustees of the National Pension Fund are entitled to recover (1) the full amount of unpaid contributions, totaling $3,638.10; (2) liquidated damages, totaling $363.81 (calculated at 10% of the outstanding contributions); and (3) interest at the rate of 12% from the date the payments were due through December 17, 2010, totaling

4

$401.75. In addition, Magistrate Judge Anderson also finds that Defendant owes $1,060.00 in legal fees based on the eight hours of attorney and paralegal time and $601.29 in costs for the filing fee, process server fee, and computerized research.

Magistrate Judge Anderson also finds that Plaintiffs have established that P & G Mechanical failed to make contributions to the International Training Fund for the months of November 2009 through January 2010. Accordingly, Plaintiffs Trustees of the International Training Fund are entitled to recover (1) the full amount of unpaid contributions, totaling $120.70; (2) liquidated damages, totaling $24.14 (calculated at 20% of the outstanding contributions); and (3) interest at the rate of 12% from the date the payments were due through December 17, 2010, totaling $13.36.

Based on these proposed findings, Magistrate Judge Anderson recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund and against P & G Mechanical on Count I in the amount of $6,064.95, with interest accruing at the rate of 12% from December 17, 2010 until paid. In addition, Magistrate Judge Anderson also recommends that a default judgment be entered in favor of the Trustees of the International Training Fund and against P & G Mechanical on Count II in the amount of $158.20, with interest accruing at the rate of 12% from December 17, 2010 until paid.

Neither party filed objections within fourteen (14) days after being served with the Magistrate Judge's recommendation.

Therefore, the Court adopts Magistrate Judge Anderson's Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that default judgment is GRANTED in favor of Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and against P & G Mechanical, Inc. as to Count I in the total amount of $6,064.95, itemized as follows: (1) the full amount of unpaid contributions, totaling $3,638.10; (2) liquidated damages, totaling $363.81 (calculated at 10% of the outstanding contributions); (3) interest at the rate of 12% from the date the payments were due through December 17, 2010, totaling $401.75; (4) $1,060.00 in legal fees; and (5) $601.29 in costs.

It is further ORDERED that default judgment is GRANTED in favor of Plaintiffs Trustees of the International Training Fund and against Defendant P & G Mechanical as to Count II in the total amount of $158.20, itemized as follows: (1) the full amount of unpaid contributions, totaling $120.70; (2) liquidated damages, totaling $24.14 (calculated at 20% of the outstanding contributions); and (3) interest at the rate of 12% from the date the payments were due through December 17, 2010, totaling $13.36. It is further

ORDERED that Defendant is required to pay interest accruing at the rate of 12% from December 17, 2010 until paid.

The Clerk is directed to enter judgment in favor of Plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund and Trustees of the International Training Fund and against Defendant P & G Mechanical, Inc. pursuant to Federal Rule of Civil Procedure 58. A separate Rule 58 Judgment ORDER will be entered with the Memorandum Order.

Entered this 29th day of March, 2011.

Alexandria, Virginia
3/ /2011

/s/
Gerald Bruce Lee
United States District Judge

7